C. A. PARKER et al. *v.* SIMEON STOVALL, Agt., &c.

ATTACHMENT: RIGHT OF AGENT TO PROSECUTE.—An agent may obtain and prosecute an attachment for rent, but the proceedings must be carried on in the name of the landlord or lessor, otherwise they will be erroneous, and the lessee may maintain his action of replevin, and recover the property attached. (Hutch. Dig. 810, § 9.)

IN error from the Circuit Court of Hinds county. Hon. Jacob S. Yerger, judge.

*D. Shelton*, for plaintiffs in error.

*Freeman* and *Dixon*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This case originated in an attachment for rent, instituted under

the statute, in the name of "Simeon Stovall, agent of A. S. Bailey, Eveline Bailey, Charles, Julia, and James Burton," against Charles A Parker.' The affidavit was made by Stovall, as agent, and set forth the indebtedness to his principals. The bond was signed, "S. Stovall," the body of it setting forth that he was acting as agent for the parties above named; and the attachment was issued in the name of "Stovall, agent of A. S. Bailey," &c. After the attachment was levied, and property distrained under it, Parker instituted his action of replevin for the recovery of the possession of the slave levied upon, against Stovall, who appeared and made defence to the action.

Several questions were made in the court below, and are insisted upon here in behalf of the plaintiff in error. But as one of these points is decisive of the case, we deem it unnecessary to consider any other point.

On the trial it was proved that Stovall claimed no interest in the leased premises, but acted only as the agent of the parties, as whose agent he purported to act in the proceedings upon the attachment; and that Parker had rented the premises from Morey as the agent of those parties. And with reference to these facts, the counsel for Parker asked the court to instruct the jury, that if they believed, from the evidence, that the contract of rent was made by Parker with Morey, as the agent of Eveline Bailey and others, and for their benefit as landlords, then the rent was due to them, and not to Stovall; and an attachment for rent could be issued only in their names, and not in the name of Stovall, another agent of the parties. This instruction was refused, and the plaintiff excepted.

The statute authorizing an agent to obtain and prosecute an attachment for rent, expressly requires that the proceedings shall be carried on "in the name of the landlord or lessor." Hutch. Code, 810, § 9. And this is in accordance with the general rule of law governing the acts of an agent in giving bonds and prosecuting suits in behalf of his principal. Paley on Agency, 183.

In this case, the bond is not only signed by the individual name of Stovall, but the writ is issued in his name, as the agent of the other persons named. This renders him the legal plaintiff for all substantial purposes in the action; and the addition of "Agent for

A. S. Bailey" and others, is mere *descriptio personæ.* That they are not parties to the action, is manifest from the fact that, in case of a judgment against the plaintiff in attachment, the judgment for costs would have been against him, and not against them. The provisions of the statute is but an affirmance of the general rule of law; and whether the action be tested by the one or the other, it could not be maintained in the manner in which it was brought, under the facts shown in evidence.

The instruction, as asked in behalf of the plaintiff, Parker, was therefore, erroneously refused.

There was no evidence tending to show any liability for the rent to Stovall, in his own right; and indeed, the attachment did not purport to be founded on any such claim; and, therefore, the instructions granted at the instance of the defendant, upon the hypothesis that such a liability was shown by the evidence, were erroneously given.

Judgment reversed, and cause remanded for a new trial.